**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**

| | | |
|---|---|---|
| **In re** | * | |
| | * | |
| Melissa Ann Mesenbrink, | * | |
| | * | |
| | * | |
| Debtor | * | **Case No.  25-34184-thp13** |
| | * | |
| | * | MOTION FOR ORDER ALLOWING |
| | * | ATTORNEY WITHDRAWAL |
| | * | |

The undersigned attorney, pursuant to LBR 9010-1, ORPC 1.16 and FRCP 83, hereby requests to withdraw as attorney for Debtor, for the following reasons for good cause as set forth below and in the Declaration Supporting Motion for Order Allowing Attorney Withdraw, filed herewith.

The only relief sought is an Order allowing attorney withdrawal.  There is a pending hearing, the Meetings of Creditors, on January 13, 2026 at 10:00am.  An Order was issued on December 16, 2025 requiring Debtor to file missing documents within 14 days of that Order (by December 30, 2025).

**The reasons withdrawal is sought.  LBR 9010-1(h)(i).**  Debtor is not returning my calls or emails, with the one exception of this morning responding to my request for her authorization to provide the Court with her email.  I cannot communicate with her.  In the time between hiring me and the filing, she repeatedly failed to communicate with me and appeared to be dishonest.

**The status of all pending contested matter and adversary proceedings to which the attorney's client is a party, including any future hearing dates and deadlines.  LBR 9010-1(h)(ii).**  Not applicable; none.

**Whether the client has provided informed consent to the withdrawal under the Oregon Rules of Professional Conduct (ORCP) and if the client has not done so, summarize the efforts made to communicate with the client.  LBR 9010-1(h)(iii).**  From mid-day Tuesday, December 18, 2025 until mid-morning today, December 22, 2025, I had been trying to contact with no reply.  On Friday, December 19, 2025, I emailed her that I would have to seek an order allowing me to withdraw and then sent her drafts of what I intended to file.  I called, texted, and emailed her.  I called her again this morning (December 22, 2025) and left a detailed message.  I texted her again this morning to please respond to the emails I have been sending her.  I emailed her again this morning.  I then texted her to see if she would give me authorization to provide the Court with her email.  She did respond to this one by saying that I did have that authorization.  I immediately followed up to seek her response and input on my other communications and I eventually received a very confusing response basically stating that she was not mentally capable of looking at my correspondence but was going to try.  I do not believe she will do that in a timely manner.

**The client's last-known contact information, including mailing address, phone number, and, if authorized by the client, an email address:**

Melissa Mesenbrink
8084 N. Burlington Ave.
Portland, OR  97203
(503) 381-2692
mamesenbrink@gmail.com

**Which, if any, disclosures required by (i), (iii), or (iv) above are omitted because the disclosure is prohibited by the ORPC.**  To the best of my knowledge, none.

I hereby declare, under penalty of perjury, that the above information is true and correct and a copy of this motion was e-mailed and mailed to Debtor on December 22, 2025, at the following address:

Melissa Mesenbrink
8084 N. Burlington Ave.
Portland, OR  97203
mamesenbrink@gmail.com

/s/ Jessica Molligan
Jessica Molligan

CERTIFICATE OF SERVICE

I have sent the foregoing Motion to the following:

Melissa Ann Mesenbrink
8084 N. Burlington Ave.
Portland, OR  97203

mamesenbrink@gmail.com

This document has also been e-served via the the ECF e-service contact list in this matter.

Dated this December 22, 2025                         /s/ Jessica Molligan
                                                                        Jessica Molligan